UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:13-cr-00346-KJM |
| Plaintiff, | |
| v. | ORDER |
| ANDREAS KOERTEL, | |
| Defendant. | |

The matter is before the court on pro se movant Andreas Koertel's request to vacate his conviction and sentence under 28 U.S.C. § 2255, on the ground that he had received constitutionally ineffective assistance of counsel in connection with his decision to plead guilty. *See generally* Mem. P. & A., ECF No. 34-1.  Koertel argues his counsel during his arraignment, change of plea, and sentencing hearing, Danny Brace, provided ineffective assistance of counsel because Brace did not inform Koertel of the immigration consequences of Koertel's guilty plea to the felony charge of alien in possession of a firearm under 18 U.S.C. § 922(g)(5).  *Id.* at 11–12. The United States opposes the motion.  Opp'n, ECF No. 46.  No reply was filed.

As explained below, the motion is dismissed with prejudice.

/////

/////

1

I.        BACKGROUND

On June 11, 2014, Koertel pled guilty to alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5).  ECF No. 46-1.  As part of the plea agreement, Koertel agreed to waive various rights, including the right to appeal and collaterally attack any aspect of his conviction or sentence.  *Id.*  In exchange, the United States would move to dismiss the two remaining counts against Koertel.  *Id.*  The plea agreement also explicitly stated, with respect to the immigration consequences of pleading guilty,

> Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if h[e] is not a citizen of the United States . . . .  [B]ecause defendant is pleading guilty to alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5), removal is a potential consequence.  Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

ECF No. 46-1 at 9; *see also* ECF No. 22.  Koertel affirmed at the plea hearing that he understood the plea agreement and had no question about the possible consequences of his plea.  *See* ECF No. 46-2 at 8–10.

On December 10, 2014, the court sentenced Koertel to 30 months' imprisonment with no term of supervised release, and requested the Bureau of Prisons consider giving him credit for time served in state custody.  ECF No. 33 at 2; *see also* ECF No. 46-3 at 10, 14-15 (sentencing hearing transcript). On October 20, 2015, Koertel finished his prison sentence and was released into the custody of the U.S. Department of Homeland Security's Immigration and Customs Enforcement division.  Koertel Decl., ECF No. 34-2 at 3.  He subsequently was transported to the Adelanto ICE Detention Facility where he was detained pending removal proceedings.  *Id.*; *see also* ECF No. 34-3.  On November 2, 2015, the immigration judge issued a final removal order.  ECF No. 34-4.  On March 28, 2016, Koertel filed a notice of change of address to a street in Friedberg, Germany.

1  In the meantime, on December 28, 2015, Koertel filed the pending motion and a

2  waiver of personal appearance.  ECF Nos. 34, 35.  The United States opposed on April 21, 2016.

3  ECF No. 46.

4  II.  JURISDICTION IN 28 U.S.C. § 2255 CASES

5  Pointing to the March 28, 2016 docket entry showing Koertel's current address in

6  Germany, the United States argues Koertel's § 2255 motion should be denied because he is no

7  longer "in custody" as required by § 2255(a).  Opp'n at 1 n.1.  Although the court ultimately

8  dismisses Koertel's motion, the critical question is not whether Koertel currently resides in

9  Germany, but rather where he was when he filed the § 2255 motion.  The "in custody" analysis is

10  jurisdictional.

11  Section 2255(a) provides,

12  A prisoner in custody under sentence of a court established by Act
of Congress claiming the right to be released upon the ground that
13  the sentence was imposed in violation of the Constitution or laws of
the United States, or that the court was without jurisdiction to
14  impose such sentence, or that the sentence was in excess of the
maximum authorized by law, or is otherwise subject to collateral
15  attack, may move the court which imposed the sentence to vacate,
set aside or correct the sentence.
16

17  28 U.S.C. § 2255(a).  A defendant must be "in custody" for the conviction or sentence under

18  attack at the time his § 2255 motion is filed.  *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989);

19  *United States v. Krboyan*, No. 10-cv-2016, 02-cr-5438, 2010 WL 5477692, at *4 (Dec. 30, 2010).

20  Koertel filed his § 2255 motion while he was in the Department of Homeland

21  Security's Adelanto detention facility in this country, pending removal proceedings.  *See*

22  *generally* Mem. P. & A.; ECF No. 34-3.  In order to invoke collateral review in the first instance,

23  Koertel must satisfy the jurisdictional "in custody" requirement of § 2255.  *Matysek v. United*

24  *States*, 339 F.3d 389 (9th Cir. 1964).  In *Maleng*, *supra*, the Supreme Court held that "[w]hile we

25  have very liberally construed the 'in custody' requirement for purposes of federal habeas . . . [w]e

26  have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the

27  sentence imposed for that conviction has fully expired at the time his petition is filed."  490 U.S.

28

1    at 492 (emphasis omitted).  "[O]nce the sentence imposed for a conviction has completely

2    expired, the collateral consequences of that conviction are not themselves sufficient to render an

3    individual 'in custody' for the purposes of a habeas attack upon it."  *Id.*

4                 Another judge in this district, citing a New York district court case, has pointed

5    out:

6    > Building on the Supreme Court's analysis [in *Maleng*], other courts
7    > have reasoned that the collateral immigration consequences of a
     > petitioner's conviction are not sufficient to satisfy the 'in custody'
8    > requirement of Sections 2254 and 2255, even when those
     > consequences include detention by immigration authorities.  *See,*
9    > *e.g.*, *Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992)
     > ('Because [petitioner's] sentence was fully expired by the time he
10   > filed his Section 2255 motion and the current deportation
     > proceedings against him are merely a collateral consequence of his
11   > conviction, he is not 'in custody' for the purposes of Section
     > 2255.'); *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir.
12   > 2004) (finding that a petitioner did not satisfy the 'in custody'
     > requirement of Section 2255 even though he was facing the
13   > collateral consequence of deportation); *Cuevas v. People*, 2007 WL
     > 206985 (S.D.N.Y. 2002) ('A habeas petitioner who has completed
14   > his sentence and was the subject of an INS deportation order cannot
     > attack his underlying state court criminal conviction in a federal
15   > habeas corpus proceeding because he was no longer in custody with
     > respect to the expired state conviction.'); *Adegbuji v. United States*,
16   > 2003 WL 21961122 (S.D.N.Y. 2003) (holding that petitioner's
     > 'current INS incarceration is a collateral consequence of his
17   > convictions for the purposes of Section 2255' insufficient to satisfy
     > the 'in custody' requirement of that statute).

18   *Krboyan*, 2010 WL 5477692, at *4–5 (citing *Abimobola v. United States*, 369 F. Supp. 2d 249,

19   252 (E.D.N.Y. 2005)).  This court agrees, and finds Koertel's ICE detention here insufficient to

20   satisfy the "in custody" requirement under § 2255.  He was not subjected to supervised release,

21   and his sentence for his conviction of incarceration had expired by the time he filed the § 2255

22   motion.  Accordingly, the court finds it does not have jurisdiction over Koertel's § 2255 motion.

23   III.    <u>WRIT OF ERROR CORAM NOBIS</u>

24                 While the court has no jurisdiction over Koertel's § 2255 motion, federal courts

25   have the authority to sua sponte issue a writ of error coram nobis under the All Writs Act, 28

26   U.S.C. § 1651(a), which does not impose the same "in custody" requirement as does § 2255.

27   *United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005), *abrogated by Padilla*, 559 U.S. at

28   370.  In an exercise of caution, the court considers whether coram nobis relief is available here.

4

1    However, even if the court construes Koertel's motion as a petition for writ of error coram nobis,

2    and accepts for sake of argument that Koertel received ineffective assistance of counsel, the court

3    finds Koertel was not prejudiced by his defense counsel's representation.

4              The four requirements for prevailing on coram nobis are:

5              (1) a more usual remedy is not available; (2) valid reasons exist for
             not attacking the conviction earlier; (3) adverse consequences exist
6            from the conviction sufficient to satisfy the case or controversy
             requirement of Article III; and (4) the error is of the most
7            fundamental character.

8    *Estate of McKinney By and Through McKinney v. United States*, 71 F.3d 779, 781–82 (9th Cir.

9    1995).  There is no statute of limitations applicable to a petition seeking coram nobis relief.

10   *Kwan*, 407 F.3d at 1014.  The Ninth Circuit has held that a petitioner fulfills the first and second

11   coram nobis relief requirements where the writ was filed once he was aware that deportation will

12   occur as a result of his conviction.  Here, similar to *Kwan*, and assuming Koertel's allegations are

13   true for purposes of this motion, Koertel was not fully aware of the immigration consequences of

14   his guilty plea until he was brought before the immigration court in November 2015.  ECF No.

15   34-2 at 3–4.  Upon learning he would be deported, Koertel filed the pending motion.  The court

16   therefore finds Koertel has satisfied the first and second prongs to prevail on coram nobis.  The

17   Ninth Circuit has also found that the possibility of deportation, or in this case actual deportation,

18   is an "adverse consequence" of a defendant's conviction sufficient to satisfy the third prong of

19   meeting Article III's case or controversy requirement.  *Kwan*, 407 F.3d at 1014.  Therefore,

20   Koertel may prevail on coram nobis if he can satisfy the fundamental error requirement, which is

21   possible if he establishes he received ineffective assistance of counsel.  *Id.*

22        A.      Waiver

23             Though the plea agreement included general waivers to the extent Koertel could

24   waive his right to appeal and collateral attack, ECF No. 46-1 at 7-8, the constitutional right to

25   effective assistance of counsel is non-waivable.  *Strickland*, 466 U.S. at 689.  Accordingly,

26   Koertel's motion is not barred by waiver.

27

28

1    B.    Ineffective Assistance of Counsel and *Strickland*

2         Koertel argues his conviction and sentence should be vacated because of

3    ineffective assistance of counsel.  In relevant parts, the Sixth Amendment guarantees criminal

4    defendants the right to the effective assistance of counsel.  An ineffective assistance of counsel

5    claim entails a two-pronged analysis, as recognized in *Strickland v. Washington*, 466 U.S. 668

6    (1984).  The first prong consists of determining whether counsel's representation "fell below an

7    objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  The second prong consists of

8    determining whether "there is a reasonable probability that, but for counsel's unprofessional

9    errors, the result of the proceeding would have been different."  *Id.* at 694.  This two-prong test

10   applies to guilty pleas based on the alleged ineffective assistance of counsel.  *Hill v. Lockhart*,

11   474 U.S. 52, 58 (1985).

12            1.    Deficient Performance

13         "When a convicted defendant complains of the ineffectiveness of counsel's

14   assistance, the defendant must show that counsel's representation fell below an objective standard

15   of reasonableness."  *Strickland*, 466 U.S. at 670.  The objective standard of reasonableness is

16   determined by the "prevailing professional norms" of the legal community, as reflected in

17   "American Bar Association standards and the like . . . ."  *Padilla*, 559 U.S. at 367 (citing

18   *Strickland*, 466 U.S. at 688).  "The weight of prevailing professional norms supports the view that

19   counsel must advise her client regarding the risk of deportation."  *Id.*  In a recent case after the

20   Supreme Court's decision in *Padilla*, the Ninth Circuit held that where a defendant's "conviction

21   of a removable offense renders her removal 'practically inevitable,' . . . [her] counsel was

22   required to advise her that her conviction rendered her removal virtually certain, or words to that

23   effect."  *United States v. Rodriguez-Vega*, 797 F.3d 781, 786 (9th Cir. 2015) (citing *United States*

24   *v. Bonilla*, 637 F.3d 980, 984 (9th Cir. 2011)).  It is insufficient for counsel to use the words

25   "probably," "potential," "high likelihood," or other similarly generalized verbiage where the

26   "immigration statute or controlling case law expressly identifies the crime of conviction as a

27   ground for removal, [and the] 'deportation consequence is truly clear.'"  *Id.* at 785–87 (citing

28   *Padilla*, 559 U.S. at 369).

6

1         Koertel alleges that Brace never explained to Koertel there would be any negative

2    immigration consequences of Koertel's conviction and guilty plea.  Mem. P. & A. at 4, 16.  In

3    raising this claim Koertel waives his attorney-client privilege as to communications related to the

4    claim.  *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003).  Brace has signed a declaration,

5    submitted with the United States' opposition, representing otherwise.  *See generally* Brace Decl.,

6    ECF No. 46-4.  Brace states he was aware that Koertel had stayed in the United States illegally

7    after his work visa expired, and an ICE hold or detainer was placed on Koertel because he had

8    overstayed.  *Id.* at 2; ECF No. 46-3.  Brace says he knew Koertel's guilty plea to an alien in

9    possession of a firearm would result in deportation, and advised Koertel as such.  Brace Decl. at

10   2–3.  Brace notes that even if Koertel had elected to go to trial on all three counts in the

11   indictment, as opposed to agreeing to plead guilty on one count in exchange for a more lenient

12   sentence, Koertel still would have been deported following service of sentence.

13        Brace's declaration is consistent with the record made in open court.  *Id.* at 3.

14   During the change of plea hearing, the undersigned explicitly asked Koertel whether he

15   understood "that there may be consequences with respect to his immigration status if he's found

16   guilty of this offense, Count Two."  ECF No. 46-2.  Koertel replied that he understood.  *Id.*

17   During the sentencing, the court questioned Brace in Koertel's presence and asked: "is Mr.

18   Koertel deportable?"  ECF No. 46-4 at 11; ECF No. 46-3 at 10.  Brace responded in the

19   affirmative, providing the same explanation he provides now in his declaration.  *Id.*  Brace also

20   noted at the sentencing hearing that, since the beginning of the case, ICE had informed him that

21   Koertel was deportable and precluded his posting bail.  *Id.* In light of this information, the United

22   States agreed a term of supervised or unsupervised release should not be imposed, and the court

23   imposed none.  *Id.*  The court again emphasized Koertel's deportation status during a discussion

24   of his substance abuse issues.  *Id.*  The presentence investigation report, which Koertel admitted

25   having reviewed, noted that Koertel was subject to removal proceedings, because he overstayed

26   his work visa and was not in the United States legally.  ECF No. 25 at 8.

27

28

1    In sum, the record provides ample evidence for the court to conclude that Koertel's

2    counsel was fully aware of his immigration status and had informed Koertel he would be

3    deported, after having explored Koertel's options.

4        2.   <u>Prejudice</u>

5    Even if Brace had not explained the negative immigration consequences of his

6    guilty plea to Koertel, and Koertel never knew he would definitively be deported until he

7    appeared before the immigration court, Koertel still cannot satisfy the second *Strickland* prong of

8    prejudice.

9    To satisfy *Strickland's* prejudice prong, a defendant must demonstrate "there is a

10   reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

11   would have been different." *Rodriguez-Vega*, 797 F.3d at 788 (citing *Strickland*, 466 U.S. at

12   694). "A 'reasonable probability' is a standard of proof 'sufficient to undermine confidence in

13   the outcome' and is 'somewhat lower' than a preponderance of the evidence." *Id.* "[T]o obtain

14   relief on this type of claim, a petitioner must convince the court that a decision to reject the plea

15   bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372. "Where

16   ineffective assistance leads a petitioner to accept a plea bargain, a different result means that 'but

17   for counsel's errors, petitioner would either have gone to trial or received a better plea bargain."

18   *Rodriguez-Vega*, 797 F.3d at 788 (citing *United States v. Howard*, 381 F.3d 873, 882 (9th Cir.

19   2004)).

20   Here, going to trial or attempting to negotiate a better plea bargain would not have

21   produced a different result, as Koertel's deportation status and the ICE hold predated his

22   conviction and sentencing.  Koertel has not met the second *Strickland* prong, and thus cannot

23   meet the requirement of fundamental error for coram nobis relief.

24   /////

25   /////

26   /////

27   /////

28   /////

IV.    <u>CONCLUSION</u>

Koertel's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 on the ground that he received constitutionally ineffective assistance of counsel is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED:  August 29, 2016.

_____
UNITED STATES DISTRICT JUDGE